## W. D. ADAMS *v.* SARAH J. CUNY &. A. H. CUNY.

15 485
109 172

*Where a suit is brought upon a draft drawn by a married woman and her husband, the burden of proof is on the plaintiff to show that the draft is valid as to the wife. A party cannot be bound as surety for a debt which is not due by reason of a failure of consideration against the principal.*

APPEAL from the District Court of the Parish of Catahoula, *Mayo*, J. *Smith & Spencer*, for plaintiff and appellant. *Cuny & Hawkins*, for defendants.

MERRICK C. J. This suit is brought upon a draft drawn by *A. H. Cuny* and *Sarah J. Cuny*, in favor of *James M. Crook*, for the sum of $1,150.

The petition alleges that the consideration enured to the benefit of the wife.

The judgment of the lower court was in favor of both defendants as in case of a nonsuit.

Plaintiff appeals.

By reason of the incapacity of the defendant, *Sarah J. Cuny*, to contract, the burden of proof was upon the plaintiff to show that the draft was valid as to her.

In regard to the other defendant, it is true that the petition alleges the debt enured to the benefit of the separate estate of the wife. But this fact did not prevent the husband from binding himself as surety *in solido* with his wife, nor simply as her surety.

The plaintiff presents the joint draft of the husband and wife. The plaintiff's counsel contends that the husband must be considered as bound as surety for the

ADAMS
v.
CUNY.

whole debt. But it is clear that he cannot as *surety* be bound for a debt which is not due by reason of failure of consideration (if any there be) against the principal.

The judgment of *nonsuit* in favor of the wife was properly rendered. But we think a new trial ought to be granted as against the husband.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be affirmed as to said *Sarah J. Cuny*, and avoided and reversed as to said *A. H. Cuny*, and that it be remanded for a new trial as to the latter, the plaintiff and *A. H. Cuny* paying each one-half the costs of the appeal.

---

### SAME CASE—ON A RE-HEARING.

MERRICK C. J. In the opinion pronounced in this case, the positions taken by plaintiff's counsel were not mentioned with sufficient accuracy, and in this some injustice is done to his argument. Still we see no sufficient reason for granting the re-hearing.

The plaintiff himself introduced the proof of the *consideration*, of the note sued upon. That was found insufficient to charge *Sarah J. Cuny*, as a married woman. The District Judge, with this proof before him, might have pronounced upon the consideration as to *A. H. Cuny*, as the proof had been introduced by the plaintiff, but he gave judgment of nonsuit. Under the circumstances, therefore, we thought the case ought to be remanded for a new trial.

Re-hearing refused.